# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**STEPHEN P. SEE,**

    **Plaintiff,**

    vs.                                                  Civ. No. 17-993 KK

**ANDREW SAUL,**
**Commissioner of Social Security Administration,**

    **Defendant.**

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B), With Supporting Memorandum ("Motion"), filed January 28, 2020. (Doc. 30.) The Commissioner filed a Response on February 11, 2020, and stated that although it is not a party to § 406(b) fee awards and generally takes no position on such petitions, he defers to the Court's sound discretion as to the reasonableness of the fee award. (Doc. 32.) Having considered the Plaintiff's Motion, the Commissioner's Response, and the relevant law, the Court finds Plaintiff's Motion is well taken and is **GRANTED**.

## BACKGROUND

Stephen P. See instituted an action in this Court seeking judicial review of his denied claims for disability benefits. On October 12, 2018, the Court issued its Memorandum Opinion and Order granting Mr. See's Motion to Reverse and Remand for a Rehearing. (Doc. 26.) Mr. See subsequently filed an unopposed motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), which the Court granted, and he was awarded $1,684.00 in attorney fees. (Docs. 28-29.)

On remand, the ALJ issued a fully favorable decision dated June 28, 2019, finding that Mr. See has been disabled since October 24, 2012. (Doc. 30-1 at 1, 12.) A Notice of Award was sent to Mr. See on December 1, 2019, stating that the SSA had withheld $22,456.88 to cover his attorney fees. (Doc. 30-2 at 1, 3.) On December 16, 2019 Mr. See's counsel submitted a 406(a) fee petition to the ALJ requesting an authorization for $10,000.00. (Doc. 30 at 1.) Mr. See entered a contingency fee contract for legal services in the United States District Court, and Mr. Martone now seeks an order authorizing fees pursuant to 42 U.S.C. § 406(b) in the amount of $5,750.00 for 8.5 hours of work he performed before this Court (*Id.*, Doc. 16-1 at 204.)

## **LEGAL STANDARD**

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b). Courts may award fees for representation in court proceedings under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). In this case, as in many others, the Equal Access to Justice Act (EAJA) award effectively increases the past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 402(b)(1)(A). Separate awards of attorney fees – for example, fees pursuant to the EAJA and § 406(b) – are not limited to an aggregate of 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 N.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id*. at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht,* 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

## **REASONBLENESS DETERMINATION**

The fee agreement between Mr. See and the Martone Law Firm, P.A. entitles Mr. Martone to no more than 25% of all past-due benefits, and the total fees sought have been reduced from the amount agreed to and permitted to approximately 17.6% of the past due benefits. (Docs. 3 at 3,

and 30-2.) There is no evidence that counsel delayed in the proceedings before this Court. And counsel's representation was more than adequate, extremely efficient, reflecting his skill and expertise, and yielded a fully favorable decision. Counsel's fee request of $5,750.00 is not disproportionately large in comparison to the amount of time spent on the case (8.5 hours or $676.47 per hour), and is in line with other awards authorized in this District under 406(b). *See e.g., Valdez v. Barnhart*, USDC Civ. No. 00-1777 MV/LCS (Docs. 26-27) (awarding $645.16 per hour); *Montes v. Barnhart*, USDC Civ. No. 01-578 BB/KBM (Doc. 22) (awarding $701.75 per hour); *Monger v. Astrue*, USDC Civ. No. 13-156 JB/CG (Doc. 37) (awarding $673.07 per hour); *Gallegos v. Colvin*, USDC Civ. No. 12-321 SMV (Doc. 32) (awarding $617.28 per hour); *Osborn v. Berryhill,* USDC Civ. No. 15-cv-1069 KBM (Doc. 32) (awarding $636.90 per hour). Thus, the Court finds that counsel's fee request is reasonable. Counsel's fee request was also filed within a reasonable time after Mr. See received notice of entitlement to past due benefits. The Notice of Award is dated December 1, 2019, and Mr. Martone filed the present Motion on January 28, 2020. (Docs. 30, 30-2.)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 30) is **GRANTED.** The Court hereby authorizes **$5,750.00** in attorney fees for legal services rendered in the United States District Court, to be paid by the Social Security Administration.

**IT IS FURTHER ORDERED** that in accordance with *Gisbrecht*, 535 U.S. at 795, counsel shall refund to Mr. See the EAJA fees previously awarded.[1]

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**

---

[1] Mr. Martone proposes to retain the EAJA fees of $1,684.00 in lieu of Mr. See reimbursing him $1,702.53 in advanced costs and gross receipts tax that Mr. See owes him under their fee agreement. (Doc. 30 at 1-2, 16-1 at 204.) It is between Mr. See and his counsel to agree how Mr. Martone may collect the advanced costs and gross receipts tax from Mr. See.

4